**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TYRONE F. SWAIN, a.k.a. Tyrone Franklin Swain, <br><br>     Petitioner - Appellant, <br><br>  v. <br><br> LARRY SMALL, <br><br>     Respondent - Appellee. | No. 09-55342 <br><br> D.C. No. 2:08-cv-04186-GAF <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Submitted October 25, 2011[**]

Before:   TROTT, GOULD, and RAWLINSON, Circuit Judges.

California state prisoner Tyrone F. Swain appeals from the district court's

judgment dismissing his 28 U.S.C. § 2254 habeas petition. We have

jurisdiction under 28 U.S.C. § 2253, and we reverse and remand.

---

  [*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

  [**]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Swain contends the district court erred by dismissing the majority of the claims in his habeas petition as time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The state concedes the petition was timely. Because we agree the petition was timely, we reverse and remand for the district court to consider on the merits those claims dismissed as untimely. *See Burton v. Stewart*, 549 U.S. 147, 156-57 (2007) (per curiam) (the AEDPA limitations period begins to run when the conviction and sentence become final).

Swain also argues that his conviction violated the Double Jeopardy Clause. In light of the remand, we decline to expand the certificate of appealability ("COA") to reach this issue. The denial is without prejudice to Swain's right to move for a COA as to this claim in any future appeal. *See* 9th Cir. R. 22-1(e).

**REVERSED and REMANDED.**